IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

   v.  :  Criminal No. DKC 10-0048-003

SHAMEKA CHANEL COOPER  :

**MEMORANDUM OPINION & ORDER**

Defendant Shameka Chanel Cooper pled guilty to one count of conspiracy to commit bank robbery and one count of bank fraud. She was sentenced to eighteen months in prison and ordered to pay restitution in the amount of $107,169.51 jointly and severally with her codefendants. (ECF No. 110). Her period of imprisonment concluded and she was released to begin a three year term of supervised release on October 25, 2012. Jurisdiction over Defendant's supervised release was transferred to the United States District Court for the Western District of Virginia on May 16, 2014. (ECF No. 137).

Ms. Cooper now moves to transfer financial records; specifically the administrative function of the collection of restitution to the Western District of Virginia so she would have the convenience of making payments in person rather than mailing her monthly remittance to Maryland. (ECF No. 143). The Government filed a response, arguing that if the Court

transferred the collection of restitution for every defendant that moved out of state, it could create untenable inefficiencies in the collection effort which in turn, could adversely affect timely collection of restitution on behalf of victims. (ECF No. 144).

Although Defendant has argued it would be more convenient to make payments in the Western District of Virginia, Defendant has not cited any applicable law which makes her convenience a relevant factor in providing restitution to the victims of crime. Indeed, Defendant has not identified any law establishing judicial authority to transfer the restitution, and "discretion in ordering restitution is circumscribed by the procedural and substantive protections of the statute authorizing restitution." *United States v. Freeman*, 741 F.3d 426, 431 (4th Cir. 2014).

The Financial Litigation Unit of the United States Attorney's Office for the District of Maryland collects restitution for this case for which Defendant is jointly and severally liable with her co-defendants. Indeed, her co-defendants also presumably pay restitution to the District of Maryland. In this situation, transferring the collection of restitution for the convenience of one debtor would be inappropriate.

Accordingly, the motion to transfer financial records BE, and the same hereby IS, DENIED.

May 29, 2018                                      /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge